# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MARDOCHE OLIVIER ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:17-cv-0832 |
| ] | Judge Trauger |
| STATE OF TENNESSEE, et al. ] | |
|     Respondent. ] | |

## MEMORANDUM AND ORDER

Presently before the Court are petitioner's *pro se* petition (Docket Entry No. 1) under 28 U.S.C. § 2241, for writ of habeas corpus, and an application to proceed in forma pauperis (Docket Entry No. 2).

The petitioner is a resident of Clarksville, Tennessee. According to his application, he lacks sufficient financial resources from which to pay the fee required to file the petition. Therefore, the petitioner's application is GRANTED. The Clerk shall file the petition in forma pauperis. 28 U.S.C. § 1915(a).

The petitioner was arrested for driving on a suspended license. Docket Entry No. 1 at pg. 5. Apparently, he was released on bond and is awaiting trial on this charge. *Id.* at pg. 9. The petitioner asserts that "I am challenging the arrest by officers, the process used to provide me bail, being held in custody by Montgomery County Jail, Courts and bonding Company without having jurisdiction to prosecute for TRANSPORTATION offense." *Id.* at pg. 2. He also claims that police officers perjured themselves which led to the setting of an unreasonable bail. *Id.* at pg. 8.

A § 2241 petition for federal habeas corpus relief will not be considered unless the petitioner

1

first exhausts all available state court remedies for each claim presented in his petition. Hamm v. Saffle, 300 F.3d 1213, 1216 (6th Cir.2002). The petitioner bears the burden of proving that he has exhausted those remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994).

In this regard, the petitioner states that "I have petitioned the court, and got denied for procedural requirement. I have exhausted my state remedies." Docket Entry No. 1 at pg. 8. But it is only under extraordinary circumstances that a federal court will exercise habeas corpus jurisdiction and intrude into state proceedings already underway. Barnett v. Hobbs, 2007 WL 861086 (E.D. Tenn.). A body of case law has developed holding that, although § 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, the Court should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Atkins v. People of the State of Michigan, 644 F.2d 543, 546 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981).

Here, the petitioner does not identify with any degree of specificity how he has exhausted state court remedies. There is no indication from the petition that he has ever attempted a direct appeal of an adverse interlocutory order from a lower state court. Thus, the Court finds that the petitioner has failed to carry his burden as it relates to the exhaustion of state court remedies.

In the absence of a showing of exhaustion, a district court is obliged to dismiss the petition. Rose v. Lundy, 455 U.S. 509,518-20 (1982). Accordingly, the petition is DENIED and this action is DISMISSED without prejudice so as to allow the petitioner an opportunity to exhaust available state court remedies.

Should the petitioner file a timely notice of appeal from this order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue

because the petitioner has failed to make a substantial showing of a constitutional violation.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge